**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANIEL GARRISON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant | ) | (Unlawful Debt Collection Practices) |

**COMPLAINT**

DANIEL GARRISON ("Plaintiff"), by and through his attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, PC, alleges the following against PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the state of Connecticut; as such personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Portland, Connecticut.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), or in the alternative is a non-debtor granted a cause of action. See Wenrich v. Robert E. Cole PC, 2001 WL 4994 (E.D. Pa. 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all pertinent times hereto, Defendant was hired to collect an alleged Orchard Bank credit card debt from Plaintiff.

11. Based upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes, as Plaintiff has no business debt.

12. Beginning in or around June 2011, and continuing through January 2012, Defendant, and those it retained, placed repetitive collection calls to Plaintiff on his girlfriend's home telephone and his cellular telephone seeking to collect the alleged Orchard Bank debt.

13. Defendant's harassing debt collection calls originated from numbers including, but not limited to (914) 513-0163. The undersigned has confirmed that this number belongs to Defendant.

14. Between June 2011 and January 2012, Defendant contacted Plaintiff, on average, at least two (2) times a day and in excess of ten (10) times a week.

15. In or around October 2011, Plaintiff spoke with a female representative of Defendant and indicated that he did not owe this debt and demanded that Defendant cease making repeated telephone to his telephone numbers.

16. Plaintiff reiterated this request that calls cease to another female representative and her male supervisor in January 2012.

17. Despite these requests, Defendant continued to place repeated telephone calls to Plaintiff's cellular telephone number and his girlfriend's home telephone number.

18. Defendant's calls to Plaintiff's cellular telephone were placed primarily between the hours of 10:00 A.M and Noon, and around 4:00 P.M. in the afternoon; these are hours when Plaintiff is at his place of employment.

19. Plaintiff, a maintenance supervisor at a condominium community, handles primarily outdoor carpentry work, which requires him to be on tall ladders and metal beams during most of his day.

20. Family members and co-workers do not call his cellular telephone unless it is an emergency as it is dangerous for him to answer his telephone when on a ladder or metal beam.

21. When Defendant called, Plaintiff always had to check his telephone to see who was calling as he worried it was a family member or co-worker calling about an emergency.

22. Defendant's repeated daily calls caused Plaintiff to be in numerous unsafe and dangerous situations, placing Plaintiff at risk for significant bodily injury or worse, death, each time the telephone rang.

23. During these calls Defendant demanded Plaintiff provide personal information to them, including banking information; however, upon Plaintiff's request for information, Defendant refused to provide Plaintiff with information regarding the debt.

24. The limited information Defendant's representatives did provide Plaintiff often conflicted; specifically, Defendant's representatives sometimes referred to the debt as a "First National" debt and on other occasions as an "Orchard Bank" debt.

25. Plaintiff has two Orchard Bank accounts, both in good standing, and has never defaulted on a debt he owed to Orchard Bank.

26. Further, Plaintiff has never owed any debt to an entity known as First National.

27. On at least two occasions, Defendant's representatives spoke with Plaintiff's girlfriend, Cynthia Sharr, when contacting him at Ms. Sharr's home telephone number.

28. During these calls with Ms. Sharr, which took place in June 2011 and January 2012, Defendant was aggressive, told her personal information about Plaintiff, advised her that Plaintiff owed a debt for a MasterCard, and sought payment from her for this alleged debt.

29. These calls were so upsetting to Ms. Sharr that she demanded Plaintiff get the calls to stop or told him he would need to move out of her home.

30. Ms. Sharr also told Plaintiff that she was not only embarrassed by the repeated telephone calls to her home telephone number, but was embarrassed that Plaintiff had this unresolved debt issue with Defendant.

31. This caused great embarrassment to Plaintiff and put a significant strain on his relationship with Ms. Sharr.

32. Defendant's actions as described herein were taken with the intent to harass, abuse, deceive, upset, embarrass, and coerce payment from Plaintiff.

4

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692c(b) of the FDCPA when it contacted third parties in connection to the collection of an alleged debt;

    c. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

    d. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring, and engaged Plaintiff in conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

    e. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations or means in connection with the collection of a debt;

    f. Defendant violated §1692e(2)(A) of the FDCPA when it made false representations of the character, amount or legal status of the debt;

    g. Defendant violated §1692e(10) of the FDCPA when it used false and deceptive means in attempting to collect a debt;

    h. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt; and

    i. Defendant violated §1692f(1) of the FDCPA when they attempted to collect an amount not authorized by agreement or law.

WHEREFORE, Plaintiff, DANIEL GARRISON, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.   Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DANIEL GARRISON, demands a jury trial in this case.

Dated: 01/31/12

RESPECTFULLY SUBMITTED,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id # ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380 direct dial
(860) 263-0919 facsimile
atroccoli@creditlaw.com